IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

QUENTRELL WILLIAMS,

                Plaintiff,                  OPINION AND ORDER

v.

                                         18-cv-730-wmc

M. HAURE,

                Defendant.

*Pro se* plaintiff Quentrell Williams, a former inmate at the Dane County Jail, is proceeding in this lawsuit on a Fourteenth Amendment excessive force claim against defendant Sheriff's Deputy M. Haure, arising from an incident that occurred on July 24, 2018, while Williams was confined at the jail. Defendant filed a motion for summary judgment asserting that plaintiff failed to exhaust administrative remedies before filing his complaint. (Dkt. #29.) For the reasons explained below, the court will deny that motion.

UNDISPUTED FACTS[1]

Dane County Jail's grievance filing process consists of multiple steps, including an initial filing and, if applicable, an appeal. (Elve Aff., Ex. 1 (dkt. #31-1).) The parties agree that plaintiff submitted a grievance form alleging Deputy Haure's use of excessive force against him on July 24, 2018. (*See* Def.'s Br. (dkt #30) 5; Pl.'s Opp'n Br. (dkt. #33) 2.) According to the original affidavit from Sergeant Timothy Elve, that grievance was assigned number 26759; the jail responded to the grievance on July 30, 2018, exonerating defendant

---

[1] The following facts are material and undisputed, unless otherwise noted. The court has drawn these facts from the parties' proposed findings of fact and responses, as well as the underlying evidence submitted in support.

of the excessive force allegation; and plaintiff never appealed. (Elve Aff (dkt. #31) ¶ 6.)

For his part, plaintiff concedes that he did not appeal, but further avers that he never received the jail's response to his grievance and, thus, was prevented from doing so. (*See* Williams Decl. (dkt. #34) ¶¶ 8-14.) In reply, defendant submits a second affidavit from Sergeant Elve, who specifically avers that "[t]he Jail hand-delivered the response to Grievance No. 26899 to Mr. Williams on August 20, 2018," while plaintiff was still incarcerated there. (Elve 2nd Aff. (dkt. #36) ¶ 6.) However, the document Elve relies upon in support of that statement is the jail's response to a *different* grievance, in which Williams complained that he had not received responses to several of his grievances, including the original grievance for Haure's claimed use of excessive force. (*Id*.) Moreover, that response includes a notation that copies of the responses to several of plaintiff's grievances (including No. 26759) were "hand delivered to seg." (Elve 2nd Aff., Ex. 1 (dkt. #36-1) 2.) Williams has responded to this new averment with his own assertion that he was on clinical observation status while in segregation at that time, and "inmates on clinical observation cannot receive paper other than toilet tissue so there is no way 'any' grievances could've been hand delivered to me [on] 8-20-18." (Williams Decl. (dkt. #38) 3.)

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the

administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), *and* filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018), and if a prison or jail does not make administrative remedies related to a given grievance available to an inmate, then the inmate may be excused from further exhaustion under the prison or jail's policy. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 812 (7th Cir. 2006) (finding that defendant could not succeed on exhaustion defense where plaintiff mailed his appeal, but it was never received). In particular, a prison or jail's failure to respond to a grievance renders a remedy "unavailable." *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

During the relevant time period in this case, the Dane County Jail had policies and procedures in place that governed inmate grievances. Policy 607.07 lays out the proper way for inmates to file grievances. Relevant here, subsection (I)(H) of 607.07 provides that inmates may submit a grievance by: (1) submitting it confidentially in an envelope marked "grievance"; (2) handing the grievance directly to a staff member; or (3) sending the grievance through the U.S. mail at the inmate's expense. (Elve Aff., Ex. 1 (dkt. #31-1).) It further provides that grievances submitted to a staff member will be "forwarded through inter-department mail." (*Id.*) Under subsection (II) of the policy, once a grievance

is received, it is assigned a grievance number and an investigating supervisor for review. (*Id.*) An inmate that submits a grievance should receive a written response containing the supervisor's decision within ten business days. (*Id.*) Subsection (III) continues to state that if an inmate is dissatisfied with the supervisor's decision, he or she has five business days from the date of the response to submit an appeal. (*Id.*)

The sole issue before the court is whether plaintiff's declaration -- in which he contends that he never received a response to his grievance and was prevented from exhausting his administrative remedies (Williams Decl. (dkt. #32) ¶¶ 8-11) -- provides a sufficient basis for his claim to survive defendant's motion for summary judgment on exhaustion grounds. Defendant argues that plaintiff's "bald assertions" are insufficient to do so because the record establishes that plaintiff received the response on August 20. In support, defendant cites a number of decisions from other circuits for the proposition that a litigant in plaintiff's position must do more than aver that he exhausted to avoid dismissal. *See Poe v. Bryant*, No. 12-3142, 2013 WL 6158023, at *2 (D.S.C. Nov. 21, 2013) ("[Plaintiff's statement that he exhausted administrative remedies] is not sufficient to avoid summary judgment in light of the contrary *documentary evidence* provided to this Court.") (emphasis added); *Pearson v. Stevenson*, No. 9:14-CV-454-RBH, 2015 WL 733814, at *7 (D.S.C. Feb. 20, 2015) (holding that a plaintiff's claim *that he did file a grievance*, which would necessarily have resulted in a record of him having done so, is insufficient to survive summary judgment on the basis of failure to exhaust administrative remedies when no such record exists)(emphasis added); *Harvey v. City of Philadelphia*, 253 F. Supp. 2d 827, 831-32 (E.D. Pa. 2003) (holding that when there is no evidence

whatsoever that a grievance was filed, a plaintiff's claim that a grievance was filed is insufficient to survive a motion for summary judgment).

Initially, as emphasized above, the cases cited by defendant concern affirmative averments by inmates that they had *filed* a grievance; unlike here, those inmates were not averring that they never received a response to their grievance. Regardless, in this circuit at least, a prisoner's sworn statement containing specific testimony *is* competent evidence to survive summary judgment. *See Flournoy v. Schomig*, 152 F. App'x 535, 539 (7th Cir. 2005); *Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2004). Here, plaintiff's declaration clearly states that he did not receive the response to his grievance. (Williams Decl. (dkt. #34) ¶¶ 8-11.) Furthermore, plaintiff's subsequent grievance indicates that he attempted to follow up after receiving no responses to his grievances, including this one for excessive force and, at least according to plaintiff, that effort was fruitless as well. It is unclear what further, additional evidence the court could require of plaintiff if he did not actually receive a response to the grievance, especially when he claims he tried to follow up. *But cf. Locket v. Bonson*, 937 F.3d 1016 (7th Cir. 2019) (affirming district court's conclusion that a prisoner failed to exhaust when a prisoner failed to follow up when he did not receive a receipt of filing, since the receipt was a part of the Wisconsin Department of Corrections' exhaustion policies).

Defendant also suggests that the court should discount plaintiff's averment because it is contradicted by the record, but this is not so. While the court accepts that plaintiff's original grievance concerning excessive force was denied, defendant offers *no* evidence that this denial was ever delivered to plaintiff. Even for the denial of plaintiff's "omnibus"

5

grievance that he had received no responses to earlier grievances, the only evidence defendant offers to demonstrate that that response was delivered to the plaintiff is a document stating that the resolution of this later grievance was "handed to seg." Certainly, this notation may be evidence that a *segregation officer* received the response, but it does not directly contradict plaintiff's statement that *he* was never actually handed that response because he was not allowed to possess paper. Regardless, defendant has failed to offer *any* evidence that plaintiff received a response to his original grievance for use of excessive force, which is the subject of this lawsuit. Indeed, plaintiff's averment to the contrary remains uncontroverted on this record. Accordingly, defendant had failed to carry his burden of proving that plaintiff was afforded the opportunity to appeal the denied grievance, and his motion for summary judgment on that basis must be denied.

ORDER

IT IS ORDERED that defendant M. Haure's motion for summary judgment for failure to exhaust administrative remedies (dkt. #29) is DENIED.

Entered this 11th day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge