IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

QUENTRELL WILLIAMS,

                Plaintiff,

v.

M. HAURE, JOHN DOE(S) 1-4, and
JANE DOE(S) 1-3,

                Defendants.

OPINION AND ORDER

18-cv-730-wmc

*Pro se* plaintiff Quentrell Williams, a former inmate at the Dane County Jail, is proceeding in this lawsuit on a Fourteenth Amendment excessive force claim against Sheriff's Deputy M. Haure and several Doe defendants arising from an incident that occurred on July 24, 2018, while Williams was confined at the jail. On December 4, 2019, Williams filed a motion to compel and the court set briefing deadlines. (Dkt. #52.) While the court timely received Williams' reply materials on December 20, because they were unreadable, the clerk's office sent him a letter requesting that he refile his materials. On January 16, 2020, the court received several filings from Williams, including an explanation that he was in restrictive housing between December 23, 2019, and January 6, 2020, and he did not receive his personal property right away (dkt. 67); (2) Williams' reply brief and evidence in support (dkt. 66); and (3) two letters identifying the Doe defendants (dkt. 68, 69). I will accept Williams' filings as timely. For the reasons that follow, I am (1) denying Williams' motion to compel as moot, (2) accepting Williams' proposed Doe defendants and giving counsel for defendants until **February 10, 2020,** to notify the court whether they will accept service of process for the Doe defendants; and (3) extending the dispositive motion deadline to February 28, 2020.

Starting with his motion to compel, Williams seeks an order compelling defendants to turn over responses to his discovery requests related to his requests for all incident reports from the use of force that is the subject of this lawsuit, video footage of the incident and instructions on the "do's and don'ts" of using spit masks. Related to the incident reports, Williams represents that the documents and information he was requesting contained information that would enable him to identify the Doe defendants prior to the December 20, 2019, deadline to identify those defendants. Defendants oppose the motion because (1) Williams failed to attempt to work out the discovery dispute prior to filing the motion, (2) defendants have already responded to all of Williams' discovery requests and (3) defendants would not object to an extension of time for Williams to identify the John/Jane Doe defendants. Of relevance, defendants produced a copy of an incident report in response to plaintiff's request for Dane County Jail incident reports between April 5, 2017, and January 2019, and represented that there was no video footage depicting the events at issue in this lawsuit (Reginato Decl. Ex. 2 (dkt. #56-3) 1-2.)

In reply, Williams acknowledges that he received one incident report and a copy of the grievance he submitted about the use of force, which do identify additional individuals that were involved in the incident and his medical care following the incident. (*See* dkt. 66-1, 66-7.) While Williams complains that more incident reports exist and that the video evidence of that incident was destroyed, Williams' submissions do not suggest that defendants' discovery responses are actually incomplete, that the video footage was improperly destroyed, or that he attempted to work out these issues with defendant prior to filing this motion. Furthermore, in support of his reply, Williams submits discovery requests dated December 15, 2019, a response from which would only just be due. Accordingly, I'm denying Williams motion.

As for the identification of the Doe defendants, Williams clarifies that he is seeking to proceed against five Doe officers. He identifies the Doe defendants who were also involved in the July 24, 2028, incident, as: Kevin Bruning, Z. P. Shellenberger, B. Dolnick, Angela Bock, Kristi Ansteth and Kaitlyn Jacobs. (Dkt. #69.) Given that Williams attempted to identify these defendants by the December 20 deadline and defendants indicated they would not object to an extension of that deadline, I will accept this late submission and allow Williams to proceed against Bruning, Shellenberger, Dolnick, Bock, Ansteth and Jacobs. I will direct defense counsel for Haure to notify the court by **January 30, 2020,** whether they will accept service of the complaint on behalf of these additional defendants. Finally, I will also extend the February 6, 2020, dispositive motion deadline to February 28, 2020.

ORDER

IT IS ORDERED that:

1) Plaintiff Quentrell Williams' motion to compel (dkt. #52) is DENIED as moot.

2) Williams is GRANTED leave to proceed against defendants Kevin Bruning, Z. P. Shellenberger, B. Dolnick, Angela Bock, Kristi Ansteth and Kaitlyn Jacobs, as provided in the court's October 30, 2019, order.

3) Counsel for defendants has until **January 30, 2020,** to notify the court whether they will accept service of process on behalf of these additional defendants.

4) The dispositive motion deadline is extended to February 28, 2020.

Entered this 27th day of January, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge