IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

QUENTRELL WILLIAMS,

              Plaintiff,            OPINION AND ORDER

v.

                                              18-cv-730-wmc

M. HAURE, *et al.*,

              Defendants.

*Pro se* plaintiff Quentrell Williams, a former inmate at the Dane County Jail, is proceeding in this lawsuit on a Fourteenth Amendment excessive force claim against defendants. While the parties are in the process of briefing defendants' motion for summary judgment, Williams has seven motions pending that I will resolve in this opinion.

*First*, on November 7, 2019, Williams submitted a letter to Judge Conley, asking him to direct staff at Waupun Correctional Institution (Waupun) to stop interfering with his incoming and outgoing mail. (Dkt. 50.) Williams complains that staff delayed sending his outgoing legal mail at the end of October 2019, and did not send a money disbursement request for him. Williams has not identified any other instance of problems with his ability to litigate this case, and I see no indication that Waupun staff are taking any actions that prevent Williams from continuing to meet the demands of this lawsuit. Accordingly, I am denying this request. However, if Williams is unable to meet court or discovery deadlines as a result of Waupun staff misconduct, he should promptly inform the court.

*Second*, Williams filed a motion to voluntarily dismiss his claim that the defendants left him unattended wearing a transport hood/spit mask. (Dkt. 70.) Defendants do not object to this motion (dkt. 83), so it is granted.

*Third*, Williams filed a motion for assistance in recruiting counsel, claiming that this lawsuit is too complex for him to litigate on his own, defense counsel have been avoiding his discovery requests, he has cognitive problems, and he reached out to six attorneys who have not responded to his letters seeking representation. (Dkt. 74.) Williams does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, Williams filings do not suggest that the legal and factual difficulty of this case exceed his ability at this point.

Williams has been aggressively advocating for himself throughout this lawsuit. He has filed multiple motions to compel that show he is actively and consistently pursuing discovery, and he survived defendant Haure's motion for summary judgment and advocates well for himself. His filings continue to demonstrate an understanding of both the relevant legal standard and Federal Rules of Civil Procedure. While Williams may not always succeed on his motions, that is not a reason to appoint counsel for him. I am denying Williams' motion, but the denial will be without prejudice to his ability to renew his motion before Judge Conley if this case proceeds to trial.

*Fourth*, Williams filed a motion to compel, seeking (1) a working copy of the DVD containing video footage of the July 24, 2018, incident; (2) information related to training defendants received related to use of force, using/applying spit masks and suicide prevention; (3) policies, procedures and protocols regarding mechanical restraint placements; (4) communications stored in the Dane County Jail's database regarding Williams, from April 5, 2017, through January 2019; (5) all medical and clinical/psychological documents regarding Williams from April 5, 2017, through October 5, 2018; (6) a response to his fifth request for

production of documents; and (7) permission to serve additional interrogatories.

Defendants oppose the motion. Starting with the video footage, defendants represent that Williams need only provide them with the video format used at Waupun Correctional Institution, and they will work to provide him with a usable format. The parties should be able to work out this question without court intervention, so this request is denied.

With respect to Williams' request for documentation related all defendants' training, defendants respond that this material is irrelevant and, regardless, they already produced defendant Haure's training log, which is sufficient because, at the time of Williams' discovery request, only Haure was a defendant in this lawsuit. While Williams may not be proceeding on a failure-to-train theory, the training defendants received related to use of force, spit masks and suicide prevention may be relevant to his excessive force claims. Indeed, whether defendants went through training related to the use of force, spit masks and suicide prevention may have some bearing on whether their conduct towards Williams was objectively unreasonable. As for Haure, it appears that defendants' production of his training log is sufficient. Defendants therefore must produce the same training logs for the recently added defendants.

As for Williams' request for policies and protocols, defendants similarly argue they should not have to produce them because they are irrelevant and disproportionate to Williams' claims. While it is well-established that policy violations do not necessarily establish a constitutional violation, *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003), that principle does not render defendants' training and the jail policies related to these issues *irrelevant* to Williams' excessive force claims. That said, defendants already produced Dane County's policy related to the use of restraints and they represent that they have not located any other policies

that use language plaintiff seeks. Accordingly, Williams' request to compel production of additional policies and protocols is denied.

With respect to Williams' request for all communications regarding him from April 5, 2017, through January 2019, defendants represent that they responded to this request by asking Williams to provide search terms that Dane County can use to conduct a search, but Williams refused. Defendants further represent that they have no knowledge of any emails, memoranda, notes, letters or messages mentioning Williams -- other than all documentation related to the July 24, 2018, incident, all booking documents, grievances, grievance lists, jail log entries and incident reports related to Williams, which they already produced. While Williams continues to believe that other emails exist because defendant Shellenberger admitted that he received emails related to the incident, defendants represented that they produced all documentation related to the July 24, 2018. Shellenberger's admission does not mean that defendants have not already produced the referenced emails. Accordingly, I will not compel defendants to produce additional documents related to the July 24, 2018, incident.

Next defendants represent that they already produced copies of all medical records they have received thus far. Williams has not submitted any evidence suggesting this is incorrect, so this request is denied.

Defendants represent that they responded to Williams fifth and sixth requests for production of documents. While Williams takes issue with defendants' response, the court's review of their responses indicates that they have responded adequately to his requests. Williams' request for further responses from defendants on his fifth and sixth requests for production of documents is denied.

Finally, defendants do not object to Williams' request to take an additional 15 interrogatories. Therefore, this request is granted.

Although the court is granting Williams some of the relief he requests, Williams should focus less attention on picking discovery disputes with defendants. Defendants have responded adequately to the vast majority of Williams' broad discovery requests. Indeed, they've produced reports relating to the July 24, 2018, incident; the video footage that depicts the July 24, 2018, incident; all booking documents, grievances, grievance lists, jail log entries and incident reports related to other incidents Williams was involved in at the Dane County Jail; and all medical records. Although the court is giving Williams some leeway in terms of collecting information training, policies and protocols, Williams' most pressing obligation at this stage is his March 16, 2020, deadline to oppose defendants motion for summary judgment. Therefore, he should focus his attention on defendants' proposed findings of fact and arguments in their brief in support of their motion.

*Fifth,* Williams seeks to stay the summary judgment deadline pending the court's resolution of his motion to compel. That motion will be denied. Williams' deadline to oppose defendants' motion for summary judgment will remain March 16, 2020.

*Sixth,* Williams asks for an extension of time to disclose expert witnesses, or for the court to appoint a neutral expert, since defendants disclosed five potential expert witnesses. (Dkt. 103.) However, the deadline to disclose experts was October 18, 2019. While Williams claims he did not believe he could request that the court appoint a neutral expert, he has not explained why he failed to explore this possibility, even two months later in December when he received defendants' expert disclosures. Equally problematic, Williams has not identified the role an expert witness would play in assisting him prove his claims in this lawsuit. As such,

5

I see no basis to either extend the expert witness disclosure deadline or recruit a neutral expert in this case. Accordingly, this motion is denied, but I will deny it without prejudice to Williams' ability to renew it before Judge Conley in a manner that (1) explains his delay, and (2) fleshes out exactly why he will need an expert to prove his claims.

*Seventh*, Williams asks the court to enter default against defendant Kaitlyn Jacobs, on the ground that she failed to file an answer. (Dkt. 104.) However, counsel for the remaining defendants only recently declined to represent Jacobs in this matter and the court ordered the U.S. Marshal Service to serve Jacobs on February 25, 2020. (Dkt. 106.) Therefore, Jacobs is not yet obliged to respond to Williams' complaint, meaning that she has not failed to answer or otherwise plead. *See* Fed. R. Civ. P. 55 (default must be entered when "a party against whom affirmative relief is sought has failed to plead or otherwise defend"). Accordingly, this motion is denied.

ORDER

IT IS ORDERED that:

1) Plaintiff Quentrell Williams' request for the court to order Waupun staff to stop interfering with his mail (dkt. 50) is DENIED.

2) Plaintiff's motion to voluntarily dismiss (dkt. 70) is GRANTED.

3) Plaintiff's motion for assistance in recruiting counsel (dkt. 74) is DENIED without prejudice.

4) Plaintiff's motion to compel (dkt. 78) is GRANTED in part and DENIED in part, as provided above.

5) Plaintiff's motions for extension (dkt. 102, 103) are DENIED. The motion for an extension of the expert disclosure deadline or to appointment an expert is denied without prejudice.

6) Plaintiff's motion for entry of default (dkt. 104) is DENIED.

6

Entered this 3rd day of March, 2020.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge