IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

QUENTRELL WILLIAMS,

                Plaintiff,                        OPINION AND ORDER

    v.

                                                18-cv-730-wmc

M. HAURE, KEVIN BRUNING,
P. SHELLENBERGER, B. DOLNICK,
ANGELA BOCK, KRISTI ANSTETH,
And KAITLYN JORGENSON,[1]

                Defendants.

*Pro se* plaintiff Quentrell Williams, a former inmate at the Dane County Jail, is proceeding in this lawsuit on a Fourteenth Amendment excessive force claim against defendants for the manner in which they placed and held him in a restraint chair on July 24, 2018, while Williams was jailed. Williams has five pending motions (dkts. 151, 178, 182, 183, 191), which I am denying for the reasons that follow:

I.      **Motions for Issuance of Subpoena (dkts. 151, 178)**

Williams has filed two motions for issuance of subpoenas, asking that the clerk of court issue subpoenas for documents related to the use of force incident. (*See* dkts. 142, 178.) I am denying these motions as unnecessary. Williams previously has submitted the same requests to the clerk of court (dkts. 54, 142), and the court of court properly responded in a letter that his request appeared to be discovery requests, since Williams was seeking materials from defendants (*see* dkts. 54, 143).

---

[1] Williams named Kaitlyn Jacobs as a defendant, and she has clarified that her current last name is Jorgenson. (*See* dkt. 117.) The case caption has been updated to reflect defendant Kaitlyn Jorgenson's current name.

Williams' renewed requests suffer from the same problem: he does not indicate the target of the subpoenas and has not since clarified that he wishes to serve the subpoenas on a non-party. Indeed, given that Williams references his previous requests for subpoenas in these renewed requests, it is reasonable to conclude that he would like to subpoena defendants for these materials. But Williams does not need to subpoena the defendants to obtain discovery from them. Accordingly, these motions are denied.

If this case proceeds to trial, then Williams may ask that the court issue subpoenas for witnesses who are unwilling to appear voluntarily to testify at trial. After resolving the motion for summary judgment, if necessary the court will reset the trial deadlines, which would include a deadline for Williams to submit requests for trial subpoenas.

## II.     Motion to Compel (dkt. 191)

Williams filed a motion to compel, seeking an order compelling defendants to turn over the Dane County Sheriff's Office use of force review board's review of incident #180280319, which took place July 24, 2018. Williams also seeks a $5,000 sanction against defendants for withholding this document.

Defendants oppose the motion because (1) Williams failed to attempt to work out this dispute informally before filing his motion; (2) Williams has not served defendants a request for production of documents seeking "the use of force review board's review of force used by the defendants in incident #180280319"; (3) the document Williams requests does not exist because the use of force review board did not conduct a review of incident #180280319; and (4) defendants have already produced all documents potentially relevant to Williams claims, including: written reports for incident #180280319; written reports for other incidents at the

jail involving Williams; grievances and responses; Williams' medical records; relevant policies and procedures; training records; and video footage of the incident. In reply, Williams claims that he did request that document, and that it exists because his aunt attempted to obtain it through an open records request, which was denied because of this litigation. However, this response to his aunt's request does not suggest that the record exists. As such, I have no basis to conclude that defendants possess the document Williams is seeking. Accordingly, I am denying Williams' motion to compel and for sanctions.

### III.     Motion for Assistance in Recruiting Counsel (dkt. 182)

Next, Williams has renewed his request for assistance in recruiting counsel, which I previously denied due to Williams' demonstrated ability to represent himself in this lawsuit. (*See* 3/4/20 Order, dkt. 109, at 2.) In his current motion, Williams reiterates the same limitations that he previously raised, adding that the restrictions on his movement due to lockdown procedures in place related to COVID-19 make litigating this case prohibitively difficult. However, Williams' submissions continue to indicate that he is more than capable of litigating this case, and no further action is required from him until the dispositive motions have been resolved. Therefore, I am not persuaded that he needs the assistance of counsel to litigate this case at this juncture. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Although it appears unlikely that Judge Conley would be persuaded to recruit counsel for such a well-equipped pro se plaintiff, Williams may renew his request if this case proceeds to trial. Accordingly, I will deny this motion without prejudice.

**IV.     Motion to Appointment Expert (dkt. 183)**

Williams also asks that the court appoint an expert. However, previously in this lawsuit, Williams requested an extension of time to disclose expert witnesses, or for the court to appoint a neutral expert, since defendants disclosed five potential expert witnesses. (*See* dkt. 103.) I denied that request in an order dated March 4, 2020, as follows:

> [T]he deadline to disclose experts was October 18, 2019. While Williams claims he did not believe he could request that the court appoint a neutral expert, he has not explained why he failed to explore this possibility, even two months later in December when he received defendants' expert disclosures. Equally problematic, Williams has not identified the role an expert witness would play in assisting him prove his claims in this lawsuit. As such, I see no basis to either extend the expert witness disclosure deadline or recruit a neutral expert in this case. Accordingly, this motion is denied, but I will deny it without prejudice to Williams' ability to renew it before Judge Conley in a manner that (1) explains his delay, and (2) fleshes out exactly why he will need an expert to prove his claims.

(3/4/20 Order, dkt. 109, at 5-6.) In Williams' motion, he does not explain his delay in seeking the court's assistance in retaining an expert, instead Williams repeats his desire for an expert due to defendants' disclosure of experts and because his claims require an understanding of jail policies and procedures related to the use of force. Because Williams has not provided good for an extension of the disclosure deadline, I am denying this request. *See* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause").

4

ORDER

IT IS ORDERED that:

1) Plaintiff Quentrell Williams' motions for issuance of subpoenas, for appointment of an expert and to compel (dkts. 151, 178, 183, 191) are DENIED.

2) Plaintiff's motion for assistance in recruiting counsel (dkt. 182) is DENIED without prejudice.

Entered this 11th day of January, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge