IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

QUENTRELL WILLIAMS,

                Plaintiff,                OPINION AND ORDER

v.

                                        18-cv-730-wmc

M. HAURE, KEVIN BRUNING,
P. SHELLENBERGER, B. DOLNICK,
ANGELA BOCK, KRISTI ANSTETH,
and KAITLYN JORGENSON,

                Defendants.
---

*Pro se* plaintiff Quentrell Williams was granted leave under 42 U.S.C. § 1983 to pursue claims against several Dane County Jail employees involved in securing him in a restraint chair to control his self-harming behavior. In particular, the court granted Williams leave to proceed against defendant M. Haure on a claim that he unnecessarily and painfully "tightened" his left wrist after already securing him into the chair. The court also granted Williams leave to proceed on claims against defendants Kevin Bruning, Benjamin Dolnick, Kristi Ansteth, Angela Bock, Patrick Shellenberger, and Nurse Kaitlyn Jorgensen for failing to intervene to prevent Haure's allegedly excessive force.

On April 30, 2021, the court granted defendants' motions for summary judgment, finding no reasonable fact-finder could conclude that defendant Haure violated Williams' constitutional rights, in light of the unambiguous video footage of the cell in which Williams was being held and defendants' knowledge of his self-harming and manipulative history. Thus, the court also held that the remaining defendants were entitled to summary judgment. (Dkt. #201.) Although Williams had not filed a declaration in opposition to

1

the County Defendants' (defendants Haure, Bruning, Dolnick, Ansteth, Bock and Shellenberger) motion for summary judgment, the court noted in its opinion that he had filed a declaration in response to defendant Jorgensen's motion, and considered his statements in determining whether material factual disputes existed as to all motions. (*Id.* at 2 n.2.)

Nevertheless, Williams has now filed a motion to alter or amend the court's opinion and order, in which he represents that he *did* file a separate declaration in response to the County Defendants' motion for summary judgment. (Dkt. #204.) Following up on this representation, the court learned that on March 17, 2020, Williams did, indeed, submit for filing through the court's e-filing system for prisoners, a timely declaration in opposition to the County Defendants' motion for summary judgment, dated March 10, 2020. Unfortunately, that declaration was not entered into the docket due to a clerical error (it appears Williams' response to the County Defendants' proposed findings of fact was entered twice into the docket), of which the court was unaware at the time it resolved the parties' dispositive motions. Accordingly, the court will grant Williams' motion in part by directing the clerk of court to correct the error and file Williams' declaration. Having reviewed Williams' statements in his March 10 declaration, however, the court will deny his motion for further relief given that the court already considered the majority of Williams' statements in his declaration, which were largely duplicative of his affidavit in opposition to Jorgensen's motion, and the few statements that were not duplicative and already considered do not materially change the facts supporting entry of judgment in defendants' favor.

OPINION

A party may file a motion for "reconsideration" under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment. "To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Insurance Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation and citation omitted). Such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Conceding that an error was made in not considering one of plaintiff's opposition declaration, the court has now reviewed all of the statements in Williams' additional declaration and compared them to the findings in the court's opinion and order. The vast majority of the information contained in Williams' March 10, 2020 is wholly duplicative, and have no bearing on the outcome at summary judgment. Moreover, as explained below, the few exceptions do not amount to an error of law or fact that would require the court to alter or amend its judgment.

*First*, in response to defendants' proposed findings of fact related his medical records showing that he would get violent with others, Williams attests: he never told any medical staff or personnel that he could get violent with others; the content of his medical records are not accurate; and on July 15, 2018, he neither became aggressive or argumentative nor told someone, "You better get me out of here before I catch a case with these asshole[s]." (Williams Decl. ¶¶ 3-4.) In its summary judgment opinion and order, however, the court already noted Williams' objections to these proposed findings of fact, agreed that the

3

statements could not be considered for the truth of the matter asserted, and overruled his objections only to the extent that Williams did not dispute the actual *content* of his medical records, making them relevant only to the extent they show what information was known to defendants, accurate or not. (*See* dkt. #201, at 3-4 n.4.) Williams' declaration does not alter that finding.

*Second*, Williams attests, "I never at any point in time attempted to get the spit hood over my mouth." (Williams Decl. ¶ 21.) However, in its prior opinion and order, the court also took this dispute into account, noting that Williams "disputes being resistive, combative or unruly, and he attests that Haure did not need to use his bodyweight to hold his head in place." (Dkt. #201, at 10.) Further, in considering Haure's actions, the court merely reasoned that, given Haure's knowledge of Williams' history of resistance and perception that Williams spit at him, it was not unreasonable for Haure to take steps to ensure that the spit hood remained over his mouth. Regardless, this action was not material to Haure's action in tightening Williams' left wrist or holding him down, which was the focus of his claim.

*Third*, Williams attests that with respect to his ability to move his hand, "I slightly moved my left hand because it felt like my hand was falling asleep." (Williams Decl. ¶ 21.) Although the court did not consider Williams' statement that his hand was falling asleep, it did accept that Williams claimed he was "barely" was able to move his left hand, and could not turn it. (Dkt. #201, at 6.) Even considering Williams' additional representation that his hand was falling asleep, the court's analysis at summary judgment does not change. Again, what was material was the information available to defendant Haure: he observed

Williams moving his hand in a manner consistent with inmates who were attempting to loosen their straps. That Williams now attests his hand was falling asleep does not alter the court's conclusion that Haure reasonably perceived Williams to be attempting to loosen and break free of his straps, thus making his videoed, casual tightening of the strap something a jury could not reasonably find to be excessive. (*Id.* at 15.)

For all of these reasons, the court is more than comfortable concluding that consideration of Williams' March 10, 2020, declaration, rather than simply the declaration in opposition to defendant Jorgenson's motion, would not have materially changed the court's findings of fact or law, nor preclude entry of summary judgment in defendants' favor.

ORDER

IT IS ORDERED that:

1) Plaintiff Quentrell Williams' motion to alter or amend is GRANTED in part insofar as the court will correct its clerical error in failing to file Williams' March 10, 2020, declaration submitted for filing in opposition to defendants Haure, Bruning, Dolnick, Ansteth, Bock, and Shellenberger's motion for summary judgment, and DENIED in part insofar as that declaration does not require the court to alter or amend its judgment.

2) The clerk of court is directed to file and enter on the docket Williams' declaration dated March 10, 2020, as submitted to the court for filing on March 17, 2020.

Entered this 21st day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge